**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Julita Aldan SABLAN, Defendant–Appellant.**

No. 07–10168.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2007.*

Filed Dec. 14, 2007.

Craig N. Moore, Esq., U.S. NMI–Office of the U.S. Attorney, Saipan, MP, for Plaintiff–Appellee.

Law Office of Steven P. Pixley, Saipan, MP, for Defendant–Appellant.

Before: D.W. NELSON and BEA, Circuit Judges, and OBERDORFER **,

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Louis F. Oberdorfer, Senior United States District Judge for the District of Columbia, sitting by designation.

Senior District Judge.

### MEMORANDUM ***

Julita Aldan Sablan appeals the district court's denial of her motion for a judgment of acquittal. Sablan was indicted for: (1) conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846; and (2) possession with intent to distribute and distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). At the close of the evidence, Sablan moved for a judgment of acquittal asserting there was insufficient evidence to support a conviction. The district court denied the motion, and the jury convicted Sablan on both counts. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the facts are known to the parties, we revisit them only as necessary.

"When, as in this case, a claim of sufficiency of the evidence is preserved by making a motion for acquittal at the close of the evidence, this court reviews the district court's denial of the motion de novo." *United States v. Carranza,* 289 F.3d 634, 641 (9th Cir.2002). There is sufficient evidence to support a conviction if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 641–42 (citation omitted) (emphasis in original).

This case arises out of a controlled purchase of methamphetamine on September 13, 2006. At trial, the evidence showed Joseph Javier, a paid government informant, purchased methamphetamine from Ismike Magofna, Sablan's co-defendant who pleaded guilty to possession with intent to distribute and distribution of methamphetamine.

■ On appeal, Sablan contends the evidence was insufficient to prove beyond a reasonable doubt that she was in possession of the methamphetamine sold to Javier on September 13, 2006. Sablan asserts Magofna had sole dominion and control over the methamphetamine.

Possession is not a required element of Sablan's conviction for conspiracy to distribute a controlled substance. *See United States v. Disla,* 805 F.2d 1340, 1348 (9th Cir.1986). By failing to challenge on appeal any of the elements required to convict her of conspiracy, Sablan has waived an insufficiency of the evidence claim as to her conspiracy conviction. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999). Thus, the only issue on appeal is whether sufficient evidence exists to convict Sablan of possession with intent to distribute and distribution of a controlled substance pursuant to 21 U.S.C. § 841(a)(1).

■ Under § 841(a)(1), possession of a controlled substance may be constructive or actual. *Disla,* 805 F.2d at 1350. Constructive possession means the "exercise of dominion and control" over the drugs and "reflects the common sense notion that an individual may possess a controlled substance even though the substance is not on his person at the time of arrest." *Id.* (citation omitted). Constructive possession may be proven by, *inter alia,* direct or circumstantial evidence that "the defendant had the power to dispose of the drug," either personally or through an agent. *Id.; United States v. Smith,* 962 F.2d 923, 929 (9th Cir.1992).

Viewing the facts in the light most favorable to the government, a reasonable

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

juror could have found beyond a reasonable doubt that Sablan was in constructive possession of the methamphetamine sold to Javier on September 13, 2006, because she had the "authority to dispose of the [methamphetamine], either personally or through an agent." *See Smith,* 962 F.2d at 929. For three reasons, a rational juror could conclude Magofna was acting as Sablan's agent in executing the methamphetamine sale.

First, after Javier arrived at Sablan's house and before Javier even asked Sablan for drugs, Sablan gestured to Javier to be quiet and directed Javier to Magofna, from whom Javier eventually purchased the methamphetamine. Based on this evidence, a rational juror could find: (1) Sablan knew Javier wanted to buy methamphetamine before Javier even asked; and (2) Sablan wanted the methamphetamine sale to take place through Magofna.

Sablan had plenty of reasons for not wanting Javier to purchase the methamphetamine directly from her. Through a note discovered in the execution of a search warrant on April 6, 2006, Sablan had been warned law enforcement was closely surveilling drug dealing activity. The note expressly stated: "Your area of dealing is not safe anymore. Hot-spot." The note was addressed, among others, to "J.S.G.," which corresponds to the initials of Sablan's common-law marriage name. This note was found in a house located across the street from Sablan's house where Javier went to purchase the methamphetamine. Further, following the April 6, 2006 search, Sablan was arrested on drug trafficking charges, placed on house arrest, and required to wear an electronic monitoring bracelet. Thus, a reasonable juror could find Sablan wanted to avoid any direct involvement in selling methamphetamine to Javier, and instead used Magofna to execute the deal.

Second, during the negotiations between Javier and Magofna, Magofna told Javier he needed to see the money first because, "It's what Jul want." This suggests "Jul" was in charge of the drug transaction and directing Magofna on how to execute the sale. That is, Magofna was acting as an agent for "Jul," who was the principal.

There is no evidence in the record that "Jul" was a common shorthand name for Julita Sablan. Nevertheless, aside from the fact that "Jul" corresponds to the first three letters of Julita Sablan's first name, a rational juror could find, based on the evidence in the record, Magofna referred to Sablan with his mention of "Jul."

There was evidence to show Magofna and Sablan knew each other before September 13, 2006, and both stayed, at least on occasion, at a house suspected of use in drug trafficking. *Cf. United States v. Hernandez,* 876 F.2d 774, 778 (9th Cir.1989) (holding evidence of constructive possession is sufficient in part because the defendant "enjoyed a close and continuous working relationship with those ... who may have had actual physical possession of the" drugs (citation omitted)). During the April 6, 2006 search, Sablan and Magofna were both present in the house where numerous paraphernalia used in packaging and distributing methamphetamine were found. That Magofna and Sablan knew each other and stayed together in a house where methamphetamine paraphernalia were found supports a conclusion that Magofna referred to Julita Sablan when he told Javier of "Jul's" instructions in selling methamphetamine.

Further, as noted above, it was Sablan who called to Javier to get his attention when Javier arrived at Sablan's house. It was Sablan who gestured to Javier to be quiet and directed him to Magofna. Thus, when Magofna informed Javier of the directives of "Jul," a reasonable juror could

conclude Magofna referred to Julita Sablan.

Third, a law enforcement officer testified at trial that it is "very common" for the leader of a drug dealing operation to use a subordinate (a "runner") to handle the drugs and the money to avoid liability. This testimony further bolsters the reasonableness of a finding that Sablan retained authority over the sale of the methamphetamine, even though Magofna had sole physical possession.

Thus, viewing the facts in the light most favorable to the government, a reasonable juror could have found beyond a reasonable doubt that Sablan was in constructive possession of the methamphetamine sold to Javier on September 13, 2006.

**AFFIRMED.**

McKissick, Vanwalraven & Harris, Chtd., Reno, NV, for Defendant–Appellee.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.